IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **COOPER J. HOPKINS,** | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 25-2451-KHV |
| **CITY OF LEAWOOD, KANSAS and TROON GOLF, LLC,** | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On July 6, 2025, in the District Court of Johnson County, Kansas, Cooper Hopkins filed a petition against the City of Leawood, Kansas, Ironhorse Golf Club[1] and Troon Golf, LLC alleging disability discrimination, retaliation and hostile work environment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. On August 8, 2025, defendants removed the case to this Court. See Joint Notice Of Removal (Doc. #1). This matter is before the Court on Defendant City Of Leawood Kansas' Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction And Failure To State A Claim (Doc. #10) filed September 9, 2025. For reasons stated below, the Court sustains defendant's motion.

**Legal Standards**

Defendant City of Leawood seeks to dismiss plaintiff's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] According to the First Amended Complaint filed in Johnson County District Court, the Court terminated Ironhorse Golf Club as a party.

I.      **Rule 12(b)(1)—Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, the law imposes a presumption against jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Article III standing is a threshold question of subject matter jurisdiction, which the Court considers under Rule 12(b)(1). Kerr v. Polis, 20 F.4th 686, 692 (10th Cir. 2021). Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Laufer v. Looper, 22 F.4th 871, 875 (10th Cir. 2022). A facial attack assumes that the allegations in the complaint are true and argues that they fail to establish jurisdiction. Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020). A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction. Id.

II.     **Rule 12(b)(6)—Failure To State A Claim**

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give

rise to an entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019).  Plaintiff bears the burden of framing his claims with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief.  Id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiff's claims arise from his former employment as an Outside Services worker at

Ironhorse Golf Club, a public golf course which the City of Leawood, Kansas owns and Troon Golf, LLC operates. Specifically, plaintiff alleges that in violation of the ADA, Ryan Eckroat, General Manager of Ironhorse Golf Club, Brett Meyers, Ironhorse head golf pro, and Danie Hill, Ironhorse employee, harassed him, discriminated against him and ultimately terminated his employment. Plaintiff also alleges that Aaron Studdard, Troon Golf employee, failed to address the situation. Plaintiff conclusively states that for purposes of the ADA, all three defendants employed him.

## Analysis

The City of Leawood argues that it did not employ plaintiff and therefore (1) the Court lacks subject matter jurisdiction over it and (2) plaintiff failed to state a claim against it.

To hold defendant liable under the ADA, plaintiff must demonstrate an employer-employee relationship. See Bristol v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek, 312 F.3d 1213, 1217 (10th Cir. 2002). Defendant correctly asserts that plaintiff has failed to plead facts which suggest an employer-employee relationship between plaintiff and defendant. Plaintiff alleges that Ironhorse Golf Club employed him and that Troon Golf managed Ironhorse. Plaintiff fails to plausibly allege that the City employed him. Plaintiff has also failed to plead facts which support a finding that the City is jointly and severally liable for Troon Golf's alleged discrimination and retaliatory conduct—such as facts which support a finding that the City and Troon Golf are joint employers or a single employer. See id. at 1218. Plaintiff has therefore failed to state a claim upon which relief can be granted.[2]

---

[2] Plaintiff's failure to allege an employer-employee relationship does not affect subject matter jurisdiction over this case. Plaintiff's claims arise from a federal statute and defendant does not deny that it is an employer under the ADA i.e. that it employes the requisite number of employees. The Court therefore has subject matter jurisdiction.

Further, under D. Kan. Rule 6.1(d)(1), plaintiff had until September 30, 2025, to respond to defendant's motion. Plaintiff did not file a response, and defendant's motion is therefore unopposed. A party who fails to file a responsive brief or memorandum within the specified time waives the right to later do so, and the Court will consider and decide the motion as uncontested. D. Kan. Rule 7.1(c). Ordinarily, the Court will grant the motion without further notice. Id.

For this reason and substantially the reasons stated in <u>Defendant City Of Leawood Kansas' Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction And Failure To State A Claim</u> (Doc. #10) filed September 9, 2025, the Court sustains defendant's motion and dismisses plaintiff's claims against the City of Leawood, Kansas under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that <u>Defendant City Of Leawood Kansas' Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction And Failure To State A Claim</u> (Doc. #10) filed September 9, 2025 is **SUSTAINED.** Plaintiff's claims against City of Leawood, Kansas are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against defendant Troon Golf, LLC remain.

Dated this 22nd day of October, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge